IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| WENDELL L. BROWN, ET AL. § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 1:04CV862LG-RHW |
| § | |
| CITY OF GULFPORT, ET AL. § | |
| Defendants, § | |

## ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

BEFORE THE COURT is the Plaintiffs' Motion for Preliminary Injunction filed January 24, 2005, in the above captioned cause. After review of the pleadings on file and having considered the Motion and the relevant legal authority, the Court concludes that Plaintiffs' Motion is not well taken, and should therefore be denied.

## DISCUSSION

To obtain a preliminary injunction, Plaintiffs must show the following:

(1) a substantial likelihood that plaintiff will prevail on the merits;
(2) a substantial threat that irreparable injury will result if the injunction is not granted;
(3) that the threatened injury outweighs the threatened harm to defendant; and
(4) that granting the preliminary injunction will not disserve the public interest.

*Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985), quoting *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). "Plaintiff bears the burden of persuasion on all four elements." *Commonwealth Life Ins. Co. v. Neal*, 669 F.2d 300, 303 (5th Cir. 1982). In considering these prerequisites the court must bear in mind

that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion.  The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits.  *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).

The Plaintiffs allege that the Mayor and City of Gulfport officials unlawfully seized and destroyed their property without following certain administrative channels and without proper notice and opportunity to be heard.  In addition, Plaintiffs claim other violations of their civil rights.  The Court has considered each of the requirements that Plaintiffs must satisfy and concludes that the Plaintiffs have failed to meet their burden in demonstrating each of the requirements for issuance of a preliminary injunction.  Accordingly,

**IT IS ORDERED AND ADJUDGED** that Plaintiffs' Motion for Preliminary Injunction filed January 24, 2005, [7-1] should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 29th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE