IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **WENDELL L. BROWN, ET AL.** § | |
| Plaintiffs, § | |
| § | |
| v. § | **Civil Action No. 1:04CV862LG-RHW** |
| § | |
| **CITY OF GULFPORT, ET AL.** § | |
| Defendants, § | |

### MEMORANDUM OPINION AND ORDER TO REMAND CIVIL ACTION TO THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

THIS MATTER COMES BEFORE THE COURT upon a Motion to Remand the above styled and numbered civil action to the Circuit Court of Harrison County, Mississippi, filed by the City of Gulfport. The Court, having considered the pleadings on file, the briefs and arguments of the parties, the present posture of consolidated cause numbers 1:04cv862 and 1:05cv172, and the relevant legal authorities, is of the opinion that the Motion to Remand is well taken and should be granted.

### FACTS AND PROCEDURAL HISTORY

Wendell and Hazel Brown, are residents of Gulfport, Harrison County, Mississippi. Plaintiffs have an ongoing dispute with the City of Gulfport, Mississippi concerning actions taken by the City Council. Specifically, the Plaintiffs filed a "bill of exceptions" in the Circuit Court of Harrison County, Mississippi, regarding actions taken by City of Gulfport building officials related to property owned by the Plaintiffs in downtown Gulfport. On December 2, 2004, the above captioned cause was removed to this Court by the Defendants alleging federal question jurisdiction under 28 U.S.C. §§ 1331, and 1441(b). On April 20, 2005, an identical state court claim was removed by the Plaintiffs and assigned cause number 1:05cv172. The

two cases were consolidated without objection by an order entered by the Court on April 26, 2005.  The City of Gulfport filed the instant Motion to Remand on May 19, 2005.  Plaintiffs filed a timely response and the City thereafter filed a rebuttal.

### DISCUSSION

**STANDARD OF REVIEW**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995); *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993) (per curiam); *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988). To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir.1995). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000)." *Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).  The removal statute is strictly construed against removal and all doubts should be resolved in favor of remand.   Thus, it follows that the removing party, as the party urging the existence of jurisdiction, bears the burden of proving that jurisdiction exists. *Archer v. Nissan Motor Acceptance Corp.,* 324 F. Supp.2d 805, 808 (S.D. Miss. 2004).

The matters in dispute between these parties are in the nature of an appeal of an administrative action taken by the City of Gulfport.  The pleadings do not support a "civil action...founded on a claim or right arising under the Constitution, treaties or laws of the United States" 28 U.S.C. § 1441(b).  Moreover, cause number 1:05cv172 was improperly removed by

the Plaintiffs.  *See Mourik Intern. B.V. v. Reactor Services Intern., Inc.* 182 F. Supp.2d 599, 602 (S.D. Tex. 2002)("It is well established under general removal law that a Plaintiff... may not remove a case to federal court.")

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Remand the above styled and numbered cause filed by the City of Gulfport on May 19, 2005, [20-1] should be, and is hereby **GRANTED.** This matter is hereby **REMANDED TO THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**, pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 14th day of July, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE